UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN HAMMONS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 1:19-cv-02518 (ACR) |
| NOREE KAMKONGKAEO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 1:20-cv-01058 (ACR) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs in these consolidated cases are thirteen individuals injured in a 2016 terrorist bombing at Camp Sullivan in Kabul, Afghanistan ("Camp Sullivan Resident Plaintiffs"), as well as thirty-three of their immediate relatives ("Immediate Family Plaintiffs"). Plaintiffs sued the Islamic Republic of Iran ("Iran") under the Foreign Sovereign Immunities Act ("FSIA" or "Act"), 28 U.S.C. §§ 1330, 1602-1611. They allege that Iran is liable for damages Plaintiffs suffered because of the bombing because it provided explosive materials, financial support, safe

1

harbor, and training to the Taliban, the terrorist organization that carried out the attack.  Dkt. 1 at 6-7;[1] Case No. 1:20-cv-01058 (ACR), Dkt. 1 at 2-3.

After Iran failed to answer Plaintiffs' Complaints or otherwise appear in these actions, Plaintiffs moved for default judgment as to liability.  Dkts. 18 and 23.  The Court referred the motions to Magistrate Judge Robin M. Meriweather for a Report and Recommendation.  Minute Order of July 16, 2020; Case No. 1:20-cv-01058 (ACR), Dkt. 16.  On July 24, 2023, Judge Meriweather recommended that the Court grant the motions with respect to twelve of the Camp Sullivan Resident Plaintiffs and nine of the Immediate Family Plaintiffs.  Dkt. 28 at 58-59 (Report and Recommendation).  She recommended that the Court deny the motions without prejudice with respect to one Camp Sullivan Resident Plaintiff and twenty-four Immediate Family Plaintiffs who, Judge Meriweather concluded, had not provided adequate briefing or evidence to establish their entitlement to relief.  *Id.* at 39, 49-50, 58-59.  Plaintiffs[2] have objected to the recommended denial of the motions with respect to twenty-three of the Immediate Family Plaintiffs.  Dkt. 30 (Objection).  Iran has filed no objections and has not otherwise appeared in these actions.

Upon consideration of the Report and Recommendation, the Objection, the applicable law, and the entire record, the Court overrules the Objection and adopts the Report and Recommendation in its entirety.  Plaintiffs' default judgment motions are GRANTED IN PART

---

[1] Unless otherwise noted, citations to docket entries refer to filings in case number 1:19-cv-02518 (ACR).

[2] While the default judgment motions were pending, Plaintiffs' counsel lost contact with and withdrew from representing Plaintiffs Jennifer and Robert Hernandez.  Dkt. 21; Minute Order of June 22, 2022.  As a result, the Hernandezes have not participated in filings made after the default judgment motions, including Plaintiffs' Objection.  *See, e.g.*, Dkt. 30 at 1 n.1.  References to actions taken by "Plaintiffs" after that time do not include the Hernandezes.

and DENIED IN PART without prejudice. The Court will appoint a special master to determine the appropriate damages awards for those Plaintiffs with respect to whom the motions are granted.

## I. BACKGROUND

### A. The FSIA

The FSIA is "the sole basis for obtaining jurisdiction over a foreign state in [U.S.] courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). The Act provides that foreign states ordinarily enjoy sovereign immunity from suits in U.S. courts, *see* 28 U.S.C. § 1604, but also establishes several exceptions to that rule, *see, e.g.*, *id.* §§ 1605-1605B. One of these—the "state-sponsored terrorism exception"—strips foreign states of sovereign immunity against, and grants federal courts subject matter jurisdiction to hear, certain claims "against countries who have . . . supported specified acts of terrorism and who are designated by the State Department as state sponsors of terror." *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020); *see* 28 U.S.C. §§ 1330(a), 1605A(a)(1). The Act also creates a federal cause of action allowing certain categories of plaintiffs, including U.S. nationals, to seek money damages from foreign states for "personal injury or death" arising from acts of terrorism covered by the Act's jurisdictional provisions. 28 U.S.C. § 1605A(c); *see Opati*, 140 S. Ct. at 1606. Plaintiffs who are not eligible to pursue this cause of action—such as most non-U.S. nationals—can still invoke the FSIA's waiver of sovereign immunity and grant of subject matter jurisdiction but must rely on state-law causes of action. *See Owens v. Republic of Sudan*, 924 F.3d 1256, 1258 (D.C. Cir. 2019).

B.     **The Camp Sullivan Attack**

Camp Sullivan was a residential complex near Kabul International Airport in Afghanistan that, as of January 2016, housed U.S. embassy personnel and private civilian contractors. Dkt. 28 at 7. On January 4, 2016, a truck carrying more than three thousand pounds of explosives exploded outside Camp Sullivan, damaging the compound. Dkt. 19-6 at 3; Dkt. 28 at 7. Among those injured in the blast were the Camp Sullivan Resident Plaintiffs—Andrew Babbitt; Bradley Busby; Ryan Buytenhuys; Allen Cox; David Evans; Ryan Hammons; William Harris; Robert Hernandez; Brandon Jones; Aaron Money; Robert Nadeau II; Derek Pleiman; and Dale Smith, Jr.—who, at the time of the bombing, lived in Camp Sullivan or a neighboring residential complex while working as private contractors for the U.S. government. Dkt. 28 at 7-8; *see, e.g.*, Dkt. 22-2 at 1. The explosion also killed at least two Afghan civilians. Dkt. 26-1 at 1. The Taliban claimed responsibility for the attack. Dkt. 19-1 at 4-5.

C.     **Plaintiffs' Lawsuits**

The Camp Sullivan Resident Plaintiffs and thirty-one of the Immediate Family Plaintiffs (collectively, the "*Hammons* Plaintiffs") filed the first Complaint in these consolidated cases on August 20, 2019.[3] Dkt. 1. The Camp Sullivan Resident Plaintiffs seek damages for both physical and emotional injuries resulting from the bombing; the Immediate Family Plaintiffs claim damages for "severe mental anguish and harm caused by the loss of [their loved ones']

---

[3] The *Hammons* Immediate Family Plaintiffs are Ashley Babbitt; Christi Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Adele Buytenhuys; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; Tashia Evans; Andria Harris; Jennifer Hernandez; Rhett Money; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Haley Schweickert; Jenna Schweickert; Taylor-Rae Simon; Alysandra Smith; Annie Smith; Bianca Smith; Dale Smith, Sr.; Gabrielle Smith; and I.M.S. Dkt. 1. The Complaint also lists two other plaintiffs who later voluntarily dismissed their claims. *See* Dkts. 15 and 20.

society and comfort" as a result of the attack. *Id.* at 17-33. The *Hammons* Plaintiffs seek to recover these damages not from the Taliban, but from Iran, which, the *Hammons* Plaintiffs allege, has long supplied the Taliban with explosive materials, financial support, safe harbor, and training. *Id.* at 7-16. The *Hammons* Plaintiffs contend that this support strips Iran of its sovereign immunity under the FSIA's state-sponsored terrorism exception. *See* 28 U.S.C. § 1605A(a). Each *Hammons* Plaintiff is a U.S. citizen, and each relies on the FSIA's cause of action. Dkt. 1 at 17-33; Dkt. 28 at 37; *see* 28 U.S.C. § 1605A(c).

The *Hammons* Plaintiffs effected service on Iran on February 12, 2020. Dkt. 14. After Iran failed to respond to the Complaint, the Clerk of Court, at the *Hammons* Plaintiffs' request, entered default against Iran on April 14, 2020. Dkts. 16 and 17. The *Hammons* Plaintiffs then moved for default judgment as to liability against Iran. Dkt. 18. The Court referred the motion to Judge Meriweather on July 16, 2020. Minute Order of July 16, 2020.

On March 8, 2021, Judge Meriweather ordered the *Hammons* Plaintiffs to submit supplemental briefing on several topics. Minute Order of March 8, 2021. As relevant here, Judge Meriweather observed that "the record contains no declarations or other evidence describing the nature of any injuries or other harms that Immediate Family . . . Plaintiffs allegedly have suffered," and "directed [the *Hammons* Plaintiffs] to include with their supplemental [briefing] affidavits or similar evidentiary support to more fully describe the nature of any injuries on which their claims are based." *Id.* The *Hammons* Plaintiffs submitted their supplemental briefing on April 8, 2021. Dkt. 22.

Immediate Family Plaintiffs James Duncan and Noree Kamkongkaeo filed the second of these consolidated cases on April 22, 2020. Case No. 1:20-cv-01058 (ACR), Dkt. 1. Their Complaint generally raises the same factual and legal theories as the *Hammons* Complaint. *See*

5

*id.* Presumably because Kamkongkaeo, unlike the other Plaintiffs, is not a U.S. citizen, the Complaint includes a state-law claim for intentional infliction of emotional distress, in addition to a claim under the FSIA's federal cause of action. *Id.* at 12-15; Dkt. 28 at 37 (noting that, while Duncan is a U.S. citizen, Kamkongkaeo is not). Duncan and Kamkongkaeo effected service on Iran on October 27, 2020, Case No. 1:20-cv-01058 (ACR), Dkt. 12, and, after Iran failed to timely respond, the Clerk of Court entered default against Iran on January 10, 2021, Case No. 1:20-cv-01058 (ACR), Dkt. 14. On November 10, 2021, on Duncan and Kamkongkaeo's motion, the Court consolidated their case with *Hammons* and referred it to Judge Meriweather. Case No. 1:20-cv-01058 (ACR), Dkts. 15 and 16. Duncan and Kamkongkaeo then moved for default judgment as to liability. Dkt. 23.

On July 24, 2023, Judge Meriweather issued a Report and Recommendation addressing the default judgment motions. Dkt. 28. Judge Meriweather first concluded that Plaintiffs have established that the Court has subject matter jurisdiction over this case under the FSIA. *See id.* at 17-33. Among other things, the Camp Sullivan attack qualifies as an act of terrorism covered by the Act, and Plaintiffs' expert evidence shows that Iran's material support for the Taliban was a proximate cause of the bombing. *See id.* Judge Meriweather also determined that the Court has personal jurisdiction over Iran. *Id.* at 33-36. No party has objected to those conclusions.

Judge Meriweather then turned to evaluating Iran's liability. *See id.* at 36-60. She first addressed the claims brought by U.S. citizens Plaintiffs—that is, all but Kamkongkaeo—under the federal cause of action created by the FSIA. *See id.* at 36. Judge Meriweather acknowledged a split of authority on whether plaintiffs satisfy the elements of the FSIA's cause of action whenever they meet the Act's jurisdictional requirements or whether plaintiffs "must further prove a theory of liability" based on principles of "civil tort liability" to recover. *Id.* at 38

6

(quoting *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 176 (D.D.C. 2019)). *Compare, e.g.*, *Heching v. Syrian Arab Republic*, Nos. 17-cv-1192 and 17-cv-1659, 2023 WL 2384393, at *5 (D.D.C. Mar. 5, 2023) ("[L]iability under [the FSIA's federal cause of action] exists whenever the [Act's] jurisdictional requirements . . . are met."), *with Barry*, 410 F. Supp. 3d at 176 (requiring additional proof of liability). She concluded that the second approach is more persuasive. Dkt. 28 at 38. That conclusion has elicited no objections.

Applying that framework, Judge Meriweather observed that Plaintiffs Jennifer and Robert Hernandez have failed to identify a theory of tort liability supporting their claims, and so recommended denying the default judgment motions without prejudice with respect to them. *Id.* at 39. Judge Meriweather also concluded that the Camp Sullivan Resident Plaintiffs, other than Robert Hernandez, have established their right to relief under theories of assault, battery, and intentional infliction of emotional distress, and recommended granting the default judgment motions with respect to those Plaintiffs. *Id.* at 39-43. No party objects to those recommendations.

Judge Meriweather next considered the claims brought by the U.S. citizen Immediate Family Plaintiffs. *Id.* at 43-50. She explained that these Plaintiffs rely on a "theory of solatium," a type of claim much like intentional infliction of emotional distress that requires, among other elements, a showing that the claimant suffered "severe" "emotional distress." *Id.* at 43, 46 (quoting Restatement (Second) of Torts § 46(j)). Judge Meriweather determined that nine Immediate Family Plaintiffs—Adele Buytenhuys, James Duncan, Tashia Evans, Andria Harris, Rhett Money, Alysandra Smith, Annie Smith, Gabrielle Smith, and I.M.S.—have proven that they satisfy the elements of a solatium claim, including through evidence of severe emotional distress arising from the attack. *Id.* at 43-48. But she also concluded that twenty-two Immediate

7

Family Plaintiffs—Ashley Babbitt; Christi Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Haley Schweickert; Jenna Schweickert; Taylor-Rae Simon; Bianca Smith; and Dale Smith, Sr.—have not shown that they suffered severe emotional distress because of the attack, and so recommended denying the default judgment motions without prejudice with respect to their claims. *Id.* at 48-50. Plaintiffs have objected to this latter recommendation. Dkt. 30.

Finally, Judge Meriweather addressed Kamkongkaeo's claim. *See* Dkt. 28 at 50-58. Because Kamkongkaeo is not a U.S. national or otherwise eligible to invoke the FSIA's cause of action, *see* 28 U.S.C. § 1605A(c), Judge Meriweather analyzed the claim as one for intentional infliction of emotional distress under D.C. tort law. *See Owens*, 924 F.3d at 1258 (explaining that non-U.S. national plaintiffs can pursue state-law causes of action using FSIA's sovereign immunity waiver); Dkt. 28 at 50-54. Judge Meriweather reasoned that one element of such a claim is proof that the claimant suffered "severe emotional distress," and concluded that Kamkongkaeo has not offered sufficient evidence to prove this element. Dkt. 28 at 55, 58 (quoting *Republic of Sudan v. Owens*, 194 A.3d 38, 41 (D.C. 2018)). Judge Meriweather therefore recommended denying the default judgment motion without prejudice with respect to Kamkongkaeo's claim. *Id.* at 58. Plaintiffs object to this conclusion.[4] Dkt. 30.

---

[4] Plaintiffs did not include Kamkongkaeo in their list of Plaintiffs covered by their Objection. *See* Dkt. 30 at 3-4. But the Objection requests that the Court "decline to accept the findings of the [Report and Recommendation] as to the twenty-three individual Plaintiffs whose claims were denied based on insufficient damages evidence," Dkt. 30 at 7, a group that includes Kamkongkaeo. The Court therefore assumes that Plaintiffs object to Judge Meriweather's recommendation as to Kamkongkaeo.

On August 4, 2023, Plaintiffs objected to the Report and Recommendation insofar as it recommended denying the default judgment motions with respect to Immediate Family Plaintiffs Ashley Babbitt; Christi Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; Noree Kamkongkaeo; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Haley Schweickert; Jenna Schweickert; Taylor-Rae Simon; Bianca Smith; and Dale Smith, Sr. (collectively, the "nonprevailing Plaintiffs") for failure to prove severe emotional distress.  *Id.*  Plaintiffs note that their Objection does not apply to the Hernandezes.  *Id.* at 1 n.1. Iran has not objected to any aspect of the Report and Recommendation.

## II.  LEGAL STANDARD

The Court reviews "only those issues that the parties have raised in their objections to the Magistrate Judge's report."  *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 79 (D.D.C. 2016) (quoting *Aikens v. Shalala*, 956 F. Supp. 14, 19 (D.D.C. 1997)).  The Court reviews *de novo* those portions of the Report and Recommendation that drew objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The FSIA specifies that "[n]o judgment by default shall be entered by a court of the United States . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  Although this standard "leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide," *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1047 (D.C. Cir. 2014), it still gives courts "a duty to scrutinize the plaintiff's allegations, and . . . not unquestioningly accept a complaint's unsupported allegations as true," *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012).

9

### III.  ANALYSIS

The Court adopts the unobjected-to portions of Judge Meriweather's Report and Recommendation, *see Taylor*, 205 F. Supp. 3d at 79, including its conclusions that the Court has both subject matter jurisdiction over this case and personal jurisdiction over Iran; that the Camp Sullivan Resident Plaintiffs, other than Robert Hernandez, as well as Immediate Family Plaintiffs Adele Buytenhuys, James Duncan, Tashia Evans, Andria Harris, Rhett Money, Alysandra Smith, Annie Smith, Gabrielle Smith, and I.M.S., are entitled to default judgment as to liability; and that Jennifer and Robert Hernandez have not established their entitlement to relief.  *See* Dkt. 28.

The only challenge to the Report and Recommendation is Plaintiffs' Objection, which contends that the Court may grant default judgment as to liability with respect to the nonprevailing Plaintiffs, who Judge Meriweather concluded offered inadequate proof of severe emotional distress.  Dkt. 30.  Plaintiffs argue that the fact that Judge Meriweather recommended granting the default judgment motions with respect to some Immediate Family Plaintiffs "suffic[es] to show that [the nonprevailing P]laintiffs have a valid theory of recovery," *id.* at 6 (quoting *Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 337 (D.D.C. 2014)), such that the Court may presume that Iran is liable to the nonprevailing Plaintiffs, enter default judgment as to liability, and refer the matter to a special master to assess damages.  *Id.* at 6-7.  Plaintiffs maintain that the Court can then vacate the judgment of liability as to particular Plaintiffs if proceedings before the special master show that those Plaintiffs have not actually suffered any damages.[5]  *Id.*

---

[5] Plaintiffs also cite in passing a district court decision stating that courts "may presume that those in direct lineal relationships with victims of incidents of terrorism suffer compensable mental anguish."  Dkt. 30 at 4 (quoting Dkt. 28 at 46); *Est. of Hirshfeld v. Islamic Republic of Iran*, 330 F. Supp. 3d 107, 141 (D.D.C. 2018).  The Objection does not develop any distinct argument based on this case law, and, if Plaintiffs rely on this language, the Court declines to

Plaintiffs cite no binding authority adopting or approving this approach, and a presumption of liability based on evidence relevant to other Plaintiffs is in tension with the FSIA's requirement that courts not grant any "judgment by default . . . unless *the claimant* establishes *his* claim or right to relief by *evidence* satisfactory to the court." 28 U.S.C. § 1608(e) (emphasis added); *see* Dkt. 30 at 5-6 (relying exclusively on district court decisions). But the Court need not decide whether such a presumption is permissible. Plaintiffs do not argue that it is mandatory—only that the Court "may" employ it. Dkt. 30 at 5. The Objection expressly concedes that the Court has the "unequivocal right to request additional damages evidence in the manner recommended by the [Report and Recommendation]." *Id.* at 4.

Given that concession, even assuming the Court could issue a conditional judgment of liability in the manner proposed by Plaintiffs, the Court declines to do so here. Judge Meriweather alerted Plaintiffs to the absence of "evidence describing the nature of any injuries or other harms that Immediate Family . . . Plaintiffs allegedly have suffered," and ordered Plaintiffs to submit "affidavits or similar evidentiary support to more fully describe the nature of any injuries on which their claims are based."[6] Minute Order of March 8, 2021. The nonprevailing Plaintiffs failed to respond adequately to this Order and have given no persuasive reason why the Court should excuse that failure.

Absent a presumption, the nonprevailing Plaintiffs have not "establishe[d their] claim or right to relief." 28 U.S.C. § 1608(e). Plaintiffs do not dispute that proof of severe emotional

---

apply this presumption for the same reasons as it rejects a presumption based on other Plaintiffs' evidence.

[6] Judge Meriweather issued this Order before the cases were consolidated, and thus before Kamkongkaeo's claim was formally before her. But the Order remained on the docket and sufficed to place Kamkongkaeo, who is represented by the same counsel as the other Plaintiffs, on notice of the need to present evidence of severe emotional distress.

11

distress is essential to the nonprevailing Plaintiffs' claims. *See* Dkt. 28 at 46-47, 55, 58 (reasoning that solatium and intentional infliction of emotional distress claims require proof of severe emotional distress); Dkt. 30 (not objecting to this conclusion). And the Court agrees with Judge Meriweather that, for the reasons given in the Report and Recommendation, the current record does not establish that the nonprevailing Plaintiffs suffered severe emotional distress. For example, the evidence about Immediate Family Plaintiffs Cameron Buytenhuys and E.B., the sons of Camp Sullivan Plaintiff Ryan Buytenhuys, consists of their father's statement in an affidavit that his PTSD following the attack "led to serious challenges with [his] family relationships," including by causing him to "drift apart" from his sons. Dkt. 22-4 at 2-3. As Judge Meriweather explained, that evidence may be consistent with the sons' experiencing severe emotional distress, but it does not prove as much. Dkt. 28 at 49. Plaintiffs do not meaningfully contest this conclusion; indeed, the Objection cites no evidence and describes the existing record as "limited." Dkt. 30 at 4. The Court therefore overrules the Objection and denies Plaintiffs' motions with respect to the claims by the nonprevailing Plaintiffs. This denial is without prejudice to a renewed motion supported by adequate evidence.

## IV. CONCLUSION AND ORDER

For these reasons, the Court overrules Plaintiffs' Objection and adopts the Report and Recommendation in full. Plaintiffs' motions sought default judgments only as to liability, with the exact amount of damages to be determined by a special master, as authorized by the FSIA. *See* 28 U.S.C. § 1605A(e)(1) ("The courts of the United States may appoint special masters to hear damage claims brought under [the FSIA]."); Dkt. 19 at 18-19. Consistent with that proposal, the Court will appoint a special master to take evidence and file a report and

12

recommendation regarding the amount of individual damages for which Defendant is liable to each prevailing Plaintiff.

It is therefore

**ORDERED** that Plaintiffs' Motions for Default Judgment, Dkts. 18 and 23, are GRANTED IN PART and DENIED IN PART.  The Court GRANTS default judgment as to liability against Defendant on the claims brought by Andrew Babbitt; Bradley Busby; Adele Buytenhuys; Ryan Buytenhuys; Allen Cox; James Duncan; David Evans; Tashia Evans; Ryan Hammons; Andria Harris; William Harris; Brandon Jones; Aaron Money; Rhett Money; Robert Nadeau II; Derek Pleiman; Alysandra Smith; Annie Smith; Dale Smith, Jr.; Gabrielle Smith; and I.M.S.  The Court DENIES the Motions without prejudice with respect to the claims brought by Ashley Babbitt; Christi Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; Jennifer Hernandez; Robert Hernandez; Noree Kamkongkaeo; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Haley Schweickert; Jenna Schweickert; Taylor-Rae Simon; Bianca Smith; and Dale Smith, Sr.  It is further

**ORDERED** that Plaintiffs shall, within thirty days, propose by motion at least two candidates to serve as a special master to calculate damages for those Plaintiffs with respect to whom the Motions are granted.  Plaintiffs must include with their motion (1) affidavits from the candidates "disclosing whether there is any ground for [their] disqualification under 28 U.S.C. § 455," Fed. R. Civ. P. 53(b)(3)(A); (2) the candidates' curricula vitae; and (3) a proposed appointing order that satisfies the requirements of Federal Rule of Civil Procedure 53(b).

**SO ORDERED.**

Dated: September 25, 2023              ANA C. REYES
                                       United States District Judge