UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN HAMMONS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 1:19-cv-02518 (ACR) |
| NOREE KAMKONGKAEO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 1:20-cv-01058 (ACR) |

**ORDER**[1]

On September 25, 2023, the Court granted in part and denied without prejudice in part Plaintiffs' motions for default judgment as to liability against Defendant. Dkt. 32.[2] Now before the Court is Plaintiffs' Motion to Appoint Special Master. Dkt. 33. Having considered the Motion, the supporting exhibits, and the entire record, the Court now appoints a Special Master

---

[1] The Court bases the provisions of this Order on similar orders issued in other Foreign Sovereign Immunity Act cases. *See, e.g.*, *Heching v. Syrian Arab Republic*, No. 17-cv-1192, ECF No. 30 (D.D.C. June 8, 2023); *Force v. Islamic Republic of Iran*, No. 16-cv-1468, ECF No. 113 (D.D.C. June 9, 2020).

[2] Citations to docket entries in this Order refer to filings in case number 1:19-cv-02518 (ACR).

1

to evaluate the damages claims brought by those Plaintiffs with respect to whom the default judgment motions were granted.[3]  It is hereby **ORDERED** as follows:

1.      **Appointment of Special Master:** Pursuant to its authority to appoint a Special Master "to hear damage claims brought under" 28 U.S.C. § 1605A, *id.* § 1605A(e), and Federal Rule of Civil Procedure ("Rule") 53, and upon consideration of Attorney Deborah Greenspan's Declaration, *see* Dkt. 33-2; Fed. R. Civ. P. 53(b)(3), the Court hereby appoints Attorney Greenspan as Special Master for the administration of damages proceedings and to receive evidence and prepare proposed findings and recommendations for the disposition of Plaintiffs' claims for damages.

2.      **Scope of Appointment:** The Special Master shall hear and examine damages evidence and make determinations as to compensatory damages, subject to the Court's review. The special master shall, as to each claim referred to her, submit to the Court recommended findings of fact and conclusions of law regarding the amount of, and legal basis for, damages. The Special Master's report or reports shall contain an evaluation of each item of damages and state which cause or causes of action or legal theories govern each Plaintiff's right of recovery and the amounts thereof.

3.      **Powers and Duties:** The Special Master shall have the rights, powers, and duties set forth in Rule 53(c), including, but not limited to, the powers to compel, take, and record

---

[3] Specifically, the Special Master shall evaluate the damages claims brought by Plaintiffs Andrew Babbitt; Bradley Busby; Adele Buytenhuys; Ryan Buytenhuys; Allen Cox; James Duncan; David Evans; Tashia Evans; Ryan Hammons; Andria Harris; William Harris; Brandon Jones; Aaron Money; Rhett Money; Robert Nadeau II; Derek Pleiman; Alysandra Smith; Annie Smith; Dale Smith, Jr.; Gabrielle Smith; and I.M.S.  *See* Dkt. 32 at 13.  Should any Plaintiffs with respect to whom the default judgment motions were denied successfully move for default judgment in the future, the Court may in a future order expand the Special Master's responsibilities to include those Plaintiffs.

evidence and administer oaths.  *See* Fed. R. Civ. P. 53(c)(1).  She may adopt procedures consistent with Rule 53.  She may take all appropriate measures to fairly and efficiently perform her assigned duties.

In considering the admissibility of evidence, the Special Master shall be guided by the Federal Rules of Evidence and by precedent addressing the entry of evidence in Foreign Sovereign Immunity Act ("FSIA") cases in which defendants fail to appear.  *See, e.g.*, *Owens v. Republic of Sudan*, 864 F.3d 751, 785-86 (D.C. Cir. 2017) ("The district court also has an unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism.  For example, we have allowed plaintiffs to prove their claims using evidence that might not be admissible in a trial."), *vacated in part on other grounds sub nom. Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020).  Testimony may be received by sworn affidavit.  *See, e.g.*, *id.*  Documents need not be qualified as genuine pursuant to Federal Rule of Evidence 901.  Instead, counsel's representation that the proffered document is an accurate copy of what the counsel proffers it to be shall qualify as a proper authentication of the evidence.

Testimony taken must be recorded either in a transcript or electronically, with all parties clearly identified.  All evidence must be preserved by Plaintiffs' counsel, who shall retain it for subsequent use or reference by the Court.

4. ***Ex Parte* Communications:** In accordance with Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at her discretion, without providing notice to the parties, regarding logistics, the nature of her activities, management of the underlying case, and other appropriate procedural matters or to assist the Court with legal analysis of the parties' submissions.  The Special Master may also communicate *ex parte* with any party or his or her

counsel, as the Special Master deems appropriate, to ensure the efficient administration, management, and resolution of her duties.

5. **Report:** Within ninety days of receiving completed damages submissions, the Special Master shall submit a report to the Court via ECF containing findings of fact and conclusions of law regarding each claim. Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within twenty-one calendar days of the date it was electronically filed. Failure to meet this deadline will result in permanent waiver of any objection.

As provided in Rule 53(f), the Court shall decide *de novo* all objections to findings of fact and conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(3)-(4). The Court shall set aside a ruling by the Special Master on a procedural matter only as a result of an abuse of discretion. *Id.* 53(f)(5). The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, subject to waiver of objection as noted above.

6. **Cooperation of Parties:** The Special Master shall have the full cooperation of the parties and their counsel. The parties will make readily available to the Special Master any facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

7. **Diligence:** The Special Master shall "proceed with all reasonable diligence." *Id.* 53(b)(2).

8. **Compensation:** For each day during which the Special Master works for an amount of time greater than zero but less than or equal to four hours, the Special Master shall be paid $600.00. For each day during which the Special Master works for an amount of time

greater than four hours, the Special Master shall be paid $1,200.00.  The Special Master shall also be paid for reasonable business expenses, excluding transportation expenses.  Payment for such business expenses shall be limited to $50.00 per day such expenses are incurred.  In addition, the Special Master shall be paid for reasonable transportation expenses, if any, incurred.  Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

Pursuant to the FSIA, the Special Master shall be compensated from "from funds available for the program under section 1404C of the Victims of Crime Act of 1984."  28 U.S.C. § 1605A(e)(2).  Within two weeks of the entry of any damages award in this case, the Special Master shall provide Plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business expenses incurred.  Such vouchers should also include a calculation of total payment sought.  Within two weeks of receiving any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the U.S. Department of Justice.

**SO ORDERED.**

Date: September 29, 2023

ANA C. REYES
United States District Judge