UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN HAMMONS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> *Defendant*. | Case No. 1:19-cv-02518 (ACR) |
| NOREE HAMMONS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> *Defendant*. | Case No. 1:20-cv-01058 (ACR) |

**ORDER**

Plaintiffs in these consolidated cases are thirteen individuals injured in a 2016 terrorist bombing in Kabul, Afghanistan, as well as thirty-three of their immediate relatives. Dkt. 1.[1] Plaintiffs have sued the Islamic Republic of Iran, alleging that Iran is liable for damages they suffered from the bombing because it provided material support to the Taliban, the terrorist organization that carried out the attack. Dkt. 1 at 6-7; Case No. 1:20-cv-01058, Dkt. 1 at 2-3. The Court has already granted twenty-one Plaintiffs default judgment as to liability and

---

[1] Unless otherwise noted, citations to docket entries refer to filings in case number 1:19-cv-02518.

1

appointed a Special Master to determine the appropriate damages awards.  Dkts. 32, 34.  Twenty-one other Plaintiffs whom the Court previously denied default judgment due to insufficient evidence have now filed a Renewed Motion for Default Judgment, Dkt. 37, seeking default judgment as to liability and referral to the same Special Master.  For the following reasons, the Court grants the Motion.

Some necessary background: After Iran failed to appear in these actions, Plaintiffs moved for default judgment as to liability in July 2020.  Dkts. 18, 23.  The Court referred the motions to Magistrate Judge Robin M. Meriweather for a Report and Recommendation.  Min. Order of July 16, 2020; Case No. 1:20-cv-01058, Dkt. 16.  In her Report and Recommendation, issued on July 24, 2023, Judge Meriweather concluded that the Court has subject matter jurisdiction over this case and personal jurisdiction over Iran under the Foreign Sovereign Immunities Act ("FSIA" or "Act").  Dkt. 28 at 17-36.  Turning to the merits, she concluded that twenty-one Plaintiffs had submitted "evidence satisfactory to the court" to show an entitlement to relief, as required to grant default judgment under the FSIA.[2]  Dkt. 28 at 58-59; 28 U.S.C. § 1608(e).  She determined that twenty-five Plaintiffs had failed to do so.[3]  Dkt. 28 at 58-59.  Specifically, Judge Meriweather found that these twenty-five Plaintiffs, who relied on a theory of intentional infliction of emotional distress (or an analogous cause of action under the FSIA), had submitted

---

[2] These twenty-one Plaintiffs were Andrew Babbitt; Bradley Busby; Adele Buytenhuys; Ryan Buytenhuys; Allen Cox; James Duncan; David Evans; Tashia Evans; Ryan Hammons; Andria Harris; William Harris; Brandon Jones; Aaron Money; Rhett Money; Robert Nadeau II; Derek Pleiman; Alysandra Smith; Annie Smith; Dale Smith, Jr.; Gabrielle Smith; and I.M.S.  Dkt. 28 at 58-59.

[3] These twenty-five Plaintiffs were Ashley Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; Christi Garcia; Noree Hammons; Jennifer Hernandez; Robert Hernandez; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Haley Schweickert; Jenna Schweickert; Taylor-Rae Simon; Bianca Smith; and Dale Smith, Sr.  Dkt. 28 at 58-59.

insufficient evidence of "severe emotional distress" caused by the bombing, though they satisfied all other elements of their claims. Dkt. 28 at 48-49; *see, e.g.*, Restatement (Second) of Torts § 46(j); *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 84-86 (D.D.C. 2017).

On September 25, 2023, the Court adopted the Report and Recommendation in full and granted in part and denied in part the default judgment motions. Dkt. 32 (adopting Dkt. 28). The Court invited the twenty-five Plaintiffs whom it denied default judgment to file a renewed motion with clearer evidence of severe emotional distress. Dkt. 32 at 12.

Twenty-one of these Plaintiffs have now accepted that invitation and filed the instant Motion, accompanied by declarations describing the emotional distress they have suffered as a result of the bombing.[4] Upon consideration of these declarations, the Court finds that these Plaintiffs have now shown by "evidence satisfactory to the court," 28 U.S.C. § 1608(e), that the bombing caused them "severe emotional distress," Restatement (Second) of Torts § 46(j). For example, the declaration submitted by Noree Hammons, the wife of bombing victim Ryan Hammons, describes mental anguish (and accompanying physical symptoms, such as sleep deprivation) she suffered due to "traumatic changes" in their relationship after the attack, including instances when her husband would "lose his temper and tell [her] to leave [their]" home. Dkt. 37-13 ¶¶ 18, 23, 29. Similarly, Miranda Nadeau, the wife of bombing victim Robert Nadeau II, details her terror upon learning that her husband was a victim of the attack and states that her "own mental health was seriously affected" by the "deterioration of [their] bond" and

---

[4] Plaintiffs Ashley Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; Christi Garcia; Noree Hammons; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Taylor-Rae Simon; Bianca Smith; and Dale Smith, Sr. bring the Motion. *See* Dkt. 37. Plaintiffs' counsel lost contact with two clients—Jennifer and Robert Hernandez—during the litigation. Dkt. 28 at 9. Counsel has also been unable to obtain supplementary evidence from either Haley or Jenna Schweickert. Dkt. 37-2 at 2 n.2.

marriage relationship because of the bombing. Dkt. 37-14 ¶¶ 6, 8, 10. The declarations provide comparable evidence as to the other movants. *See* Dkts. 37-3 to 37-21. The movants have remedied the defect in their earlier motions for default judgment, and so—for the reasons given in this Order, the Report and Recommendation, and the Court's Order adopting the Report and Recommendation—the Court grants them default judgment as to liability.[5]

The Court therefore

**GRANTS** the Renewed Motion for Default Judgment, Dkt. 37. The Court further

**GRANTS** default judgment as to liability against Defendant on the claims brought by Ashley Babbitt; Lee Babbitt III; M.A.B.; M.L.B.; O.R.B.; Sylvia Babbitt; Cameron Buytenhuys; Clinton Buytenhuys; Darroll Buytenhuys; E.B.; Sheldon Buytenhuys; Nicola Cubie; Christi Garcia; Noree Hammons; A.L.N.; Miranda Nadeau; Robert Nadeau, Sr.; Erica Pleiman; Taylor-Rae Simon; Bianca Smith; and Dale Smith, Sr. The Court further

**MODIFIES** its Order appointing Special Master Deborah Greenspan, Dkt. 34, to apply to the additional Plaintiffs identified in the previous paragraph. The terms of that Order otherwise remain unchanged.

**SO ORDERED.**

Date: July 2, 2024

                                                                                                ANA C. REYES
                                                                                                United States District Judge

---

[5] To be clear, the Court concludes that the movants have submitted sufficient evidence of emotional distress for the Court to refer their claims to the Special Master. The Special Master will make damages recommendations based on the more detailed evidence presented to her, and the Court expresses no view on the appropriate awards.